UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C R BARD INCORPORATED, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00645-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. Nos. 23, 34)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

On March 26, 2020, this case was transferred to this Court from the United States District Court for the District of Arizona. (Doc. No. 11.) On March 26, 2020, the Clerk of Court issued a notice directing counsel Bobby Saadian to submit a pro hac vice application to practice in this District. (Doc. No. 13.) On April 13, 2020, the Court issued a minute order setting an Initial Scheduling Conference for July 22, 2020 and directing the parties to submit a Joint Scheduling Report one (1) full week prior to the Scheduling Conference. (Doc. No. 23.) The Court further directed the parties to promptly address as appropriate any counsel identified on the docket who have not been terminated and are not admitted to practice before the Court. (*Id.*)

　On July 15, 2020, Defendants submitted a unilateral scheduling report in this case. (Doc. No. 32.) According to Defendants, counsel for Plaintiff failed to participate in preparing a Joint Scheduling Report. (*Id.*) On July 22, 2020, Plaintiff failed to appear at the Initial Scheduling Conference and the conference could not be held due to Plaintiff's failure to appear. Additionally, a review of the docket and Court records indicated that Mr. Saadian had not

sought admission to practice before this Court.

As a result, on July 22, 2020, the Court issued an order requiring Mr. Saadian to show cause in writing why this Court should not impose sanctions for his failure to obey the Court's orders and failure to appear at the July 22, 2020 Status Conference. (Doc. No. 34.) The order to show cause was mail served on Mr. Saadian on July 22, 2020. Mr. Saadian was required to respond within fourteen (14) days of service of the July 22, 2020 order. (*Id.*) The deadline for Mr. Saadian to respond to the Court's order to show cause has passed and he has neither complied with the show cause order or otherwise responded to the Court.

## II. Discussion

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has failed to appear or participate in the prosecution of this action. The Court cannot hold this case indefinitely in abeyance awaiting Plaintiff's compliance with the

2

Court's orders.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 22, 2020 order to show cause expressly warned that failure to comply with that order would result in sanctions, including dismissal of this action. (Doc. No. 34.)  Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions and the preclusion of evidence or witnesses are of little use and likely to have no effect given that Plaintiff has ceased litigating this case and has not responded to the Court's orders.

**III.   Conclusion and Recommendation**

Accordingly, the Clerk of Court is directed to serve a copy of these findings and recommendations on Bobby Saadian at the offices of Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, CA 90010.

Additionally, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed without prejudice based on Plaintiff's failure to obey court orders and failure to prosecute this action.

  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

 Dated: **August 18, 2020**     /s/ *Barbara A. McAuliffe*
                  UNITED STATES MAGISTRATE JUDGE