UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C R BARD INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-00645-DAD-BAM<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. No. 35)<br><br>**ORDER CONVERTING SCHEDULING CONFERENCE TO STATUS CONFERENCE** |

On March 26, 2020, this case was transferred to this Court from the United States District Court for the District of Arizona. (Doc. No. 11.) On March 26, 2020, the Clerk of Court issued a notice directing counsel Bobby Saadian to submit a pro hac vice application to practice in this District. (Doc. No. 13.) On April 13, 2020, the Court issued a minute order setting an Initial Scheduling Conference for July 22, 2020 and directing the parties to submit a Joint Scheduling Report one (1) full week prior to the Scheduling Conference. (Doc. No. 23.) The Court further directed the parties to promptly address as appropriate any counsel identified on the docket who have not been terminated and are not admitted to practice before the Court. (*Id.*)

On July 15, 2020, Defendants submitted a unilateral scheduling report in this case.

1

(Doc. No. 32.) According to Defendants, counsel for Plaintiff failed to participate in preparing a Joint Scheduling Report. (*Id.*) On July 22, 2020, Plaintiff failed to appear at the Initial Scheduling Conference and the conference could not be held due to Plaintiff's failure to appear. Additionally, a review of the docket and Court records indicated that Mr. Saadian had not sought admission to practice before this Court.

As a result, on July 22, 2020, the Court issued an order requiring Mr. Saadian to show cause in writing why this Court should not impose sanctions for his failure to obey the Court's orders and failure to appear at the July 22, 2020 Status Conference. (Doc. No. 34.) The order to show cause was mail served on Mr. Saadian on July 22, 2020. Mr. Saadian was required to respond within fourteen (14) days of service of the July 22, 2020 order. (*Id.*) The deadline for Mr. Saadian to respond to the Court's order to show cause passed and he did not comply with the show cause order or otherwise responded to the Court. Accordingly, on August 18, 2020, the Court issued findings and recommendations that this action be dismissed without prejudice based on Plaintiff's failure to obey court orders and failure to prosecute this action.

On September 1, 2020, Thiago Coelho, an attorney from Mr. Saadian's office, filed objections to the Court's findings and recommendations on Mr. Saadian's behalf. (Doc. No. 35.) On September 3, 2020, Johnny P. Ogata, another attorney form Mr. Saadian's office, filed a Notice of Errata and amended objections to the findings and recommendations. (Doc. Nos. 39, 40.)[1] According to the amended objections, Mr. Saadian's law firm "notified" Plaintiff that it would be withdrawing from the case on May 20, 2020. (Doc. No. 40 at 1.) Plaintiff's counsel subsequently attempted to assist Plaintiff in locating new counsel and another firm purportedly

---

[1] The Notice of Errata and amended objections were filed because counsel's initial objections "inadvertently . . . contained confidential information." (Doc. No. 40 at 1.) The amended objections attached redacted versions of exhibits that were attached to the original objections. Notably, Plaintiff's counsel did not file a motion to seal and the original objections remain unsealed on the docket. Moreover, the redactions in the amended objections appear to generally remove the name of other law firms. However, Plaintiff's counsel has cited no authority in support of their conclusion that this information is "confidential." Additionally, Plaintiff's counsel did not comply with Local Rule 141 and instead filed the redacted documents on the public docket without first obtaining leave of court. Subject to exceptions not relevant here, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." Local Rule 141(a). In all other circumstances, "[n]o other redactions are permitted unless the Court has authorized the redaction." Local Rule 141(b). Any further attempts to file redactions without authorization will result in the documents being stricken and future failures to adhere to the Local Rules may additionally result in the imposition of sanctions. *See* Local Rule 110.

eventually agreed to take Plaintiff's case. (*Id.*) However, Plaintiff's counsel represents that the other firm has not received a signed agreement and Plaintiff has been unresponsive to the other firm's calls and letters since May 29, 2020. (*Id.*) Plaintiff's counsel do not describe any efforts either they or the other firm have made to contact Plaintiff, when and by what method those efforts were made, or what the outcome of those efforts were. Nonetheless, Plaintiff's counsel contends that they "reasonably believed" that another firm had effectively taken over this matter and would appear at future hearings. (*Id.* at 5.) Plaintiff's counsel further requests that the Court allow Plaintiff ninety (90) days to secure new counsel in this matter. (*Id.*)

In light of the objections and the amended objections, the Court will vacate its findings and recommendations to dismiss the action without prejudice. However, Plaintiff's counsel is reminded that, pursuant to the Local Rules, an attorney may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorney. *See* Local Rule 180(g). All substitutions of attorney require approval of the Court. *Id.* Furthermore, pursuant to Local Rule 180(d), an attorney may not withdraw leaving a client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The authority and duty of the attorney of record continues until relieved by order of the Court. *See* Local Rule 180(d). Here, Plaintiff's current counsel have not filed a motion to withdraw or a substitution of attorney and have not been relieved of their duties on behalf of Plaintiff. Thus, Plaintiff's counsel's belief that another firm would appear at the Scheduling Conference and respond to the July 22, 2020 order to show cause on their behalf was unreasonable.[2]

---

[2] Plaintiff's counsel argues that the Court is "incorrect" that Plaintiff has failed to appear or participate in the prosecution of this action. (*See* Doc. No. 37 at 3.) However, Plaintiff's counsel does not dispute that they did not appear at the Scheduling Conference, participate in the preparation of a Joint Scheduling Order, or respond to the Court's July 22, 2020 order to show cause. Additionally, Plaintiff's counsel represents that they were aware of the July 22, 2020 Scheduling Conference and the subsequent order to show cause as well as the consequences of noncompliance. (*See* Doc. No. 40 at 5.) While Plaintiff's counsel states that the failures to respond were not intentional or willful, they do not offer a reasonable explanation as to why they failed to take any action to comply with the Court's orders or participate in this case. (*See id.*) Indeed, Plaintiff's counsel was aware that no other attorney was involved in the case and that further action was required at least as late as July 6, 2020, when Plaintiff's counsel informed Defendants that they were in the process of transferring this case to another firm and intended to seek a continuance of the Scheduling Conference. (*See* Doc. No. 32 at 1.) However, rather than doing so, Plaintiff's counsel simply ceased responding to Defendants inquiries and to the Court's orders.

Additionally, although the Court has ordered Mr. Saadian to submit a Petition by Attorney for Admission to Practice before the Eastern District or file an application to practice pro hac vice, pay the applicable fee, and register for CM/ECF, Mr. Saadian still has not done so. Neither the objections nor the amended objections address Mr. Saadian's failure to comply with the Court's orders in this respect. Notably, Mr. Saadian remains listed as counsel of record for Plaintiff on the Court's docket and is likewise identified as Plaintiff's counsel on the caption of the objections and the amended objections. The July 22, 2020 order requiring Mr. Saadian to show cause for his failure to comply with the Court's orders has not been discharged and he is once again directed to **promptly** submit a Petition by Attorney for Admission to Practice before the Eastern District or file an application to practice pro hac vice, pay the applicable fee, and register for CM/ECF. Alternatively, Plaintiff's counsel may take **appropriate** steps to terminate Mr. Saadian as counsel of record in this case.

Finally, in light of the status of the case, the Court will convert the Initial Scheduling Conference currently set for September 16, 2020, to a Status Conference. Mr. Saadian, Mr. Ogata, and Mr. Coelho of the Wilshire Law Firm are reminded that that they have not filed a substitution of attorney or motion to withdraw from this case and they remain counsel for record for Plaintiff in this matter. Thus, their duties on Plaintiff's behalf continue until their substitution or withdrawal is approved by this Court. Plaintiff's counsel is therefore expected to appear at the Status Conference on September 16, 2020, unless the Court orders otherwise prior to the conference. Moreover, Plaintiff's counsel is cautioned that **future failures to comply with the Court's orders will result in the imposition of sanctions.**

Accordingly, IT IS HEREBY OREDERED that:

1. The Findings and Recommendations issued on August 18, 2020 (Doc. No. 35) are VACATED; and

2. The Initial Scheduling Conference currently set for September 16, 2020, is converted to a STATUS CONFERENCE to be held on **September 16, 2020, at 8:30 AM in Courtroom 8 (BAM)** before the undersigned. The parties are encouraged to appear at the conference by telephone with each party using the following dial-in number and access code:

1  **dial-in number 1-877-411-9748; access code 3219139**; and

2      3.    The Clerk of Court is directed to serve a copy of this order on Bobby Saadian at the offices of Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, CA 90010.

IT IS SO ORDERED.

Dated:   **September 8, 2020**      /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE