UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>C R BARD INCORPORATED, et al.,<br><br>    Defendants. | Case No. 2:20-cv-00645-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO OBEY THE COURT'S ORDERS<br><br>(Doc. Nos. 22, 24)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Melissa Turner ("Plaintiff"), proceeding pro se, initiated this action in the United States District Court for the District of Arizona, on January 30, 2017.  (Doc. No. 1.)  On March 26, 2020, the matter was transferred to this Court. (Doc. No. 11.)

A scheduling conference was set for July 22, 2020, Plaintiff and Plaintiff's counsel failed to appear. (Doc. No. 33.) Also, on July 22, 2020, the Court issued an Order to Show Cause requiring Plaintiff's attorney Bobby Saadian to respond as to why he failed to appear at the scheduling conference (Doc. No. 34.). On August 18, 2020, the Court issued Finding and Recommendations recommending that the action be dismissed based on Plaintiff's failure to obey court orders and failure to prosecute this action. (Doc. No. 35.) The case was not dismissed as objections were filed on September 1, 2020. (Doc. No. 37.)

On September 1 and 3, 2020, Thiago Coelho and Johnny Ogata entered Notices of

1

Appearance on behalf of Plaintiff. (Doc. Nos. 36, 38.) On September 15, 2020, Plaintiff's attorneys filed a Motion to Withdraw. (Doc. No. 42). On October 2, 2020, the Court granted the motion of Bobby Saadian, Thiago Coelho, Johnny Ogata, and Wilshire Law Firm to withdraw as attorney of record for Plaintiff. (Doc. No. 49.)

This matter was set for a status hearing on November 4, 2020 to discuss Plaintiff's course moving forward. (Doc. No. 50.) Plaintiff failed to appear at that hearing. (Doc. No. 51.) On November 4, 2020, the Court issued an Order to Show Cause. (Doc. No. 52.) The Court ordered Plaintiff to personally appear via telephone conference on December 4, 2020 to show cause why sanctions should not be imposed and/or this action should not be dismissed for her failure to appear at the November 4, 2020 status conference. (*Id.* at 2.) The Order to show cause was served by mail on the Plaintiff at her last known address of record. On December 4, 2020, the Court held a hearing on the Order to Show Cause. Plaintiff failed to appear.

The Court will therefore recommend that this action be dismissed, with prejudice, for failure to prosecute and failure to obey the Court's orders.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending in this Court since March 2020, and despite repeated opportunities for Plaintiff to appear and prosecute her case, it remains unprosecuted by Plaintiff. Plaintiff has failed to appear at two court hearings, despite specific order of the Court to appear. The Court cannot hold this case in abeyance awaiting Plaintiff's compliance. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 2, 2020 order directing the Plaintiff to appear at a status conference warned that failure to comply may result in the imposition of sanctions. (Doc. No. 50 at 2.) Further, the Court's November 4, 2020 order to show cause expressly warned Plaintiff that her failure to respond would "result in a recommendation for dismissal of this action for failure to prosecute, failure to appear, and failure to obey the Court's order." (Doc. No. 52 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further

unnecessary expenditure of its scarce resources.  The imposition of monetary sanctions or the preclusion of evidence/witnesses are likely to have no effect given that Plaintiff has ceased litigating her case.

### III.    Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to prosecute this action, failure to appear, and failure to obey this Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 7, 2020**              /s/ *Barbara A. McAuliffe*       _
                                                  UNITED STATES MAGISTRATE JUDGE